883 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James W. WILSON, SSN jhh-ub-udrv Plaintiff-Appellant,
v.
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 88-2841.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 10, 1989.
Decided Aug. 4, 1989.
 
 Mary J. Wiesen-Koskinski for appellant.
 David L. Stephens, Assistant Regional Counsel, (Bruce R. Granger, Chief Counsel, Region IV, Mary Ann Sloan, Principal Regional Counsel, Social Security Litigation, Nancy R. Bartlett, Assistant Regional Counsel, Department of Health and Human Services, Office of General Counsel, Region IV, Richard K. Willard, Assistant Attorney General; Vinton D. Lide, United States Attorney, on brief) for appellee.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 WIDENER, Circuit Judge:
 
 
 1
 James Wilson appeals the decision of the district court upholding the Secretary's finding that he is not disabled and therefore not entitled to disability insurance benefits. We vacate and remand the case for further consideration.
 
 
 2
 Wilson applied for Social Security disability payments in February of 1985, alleging disability since January 31, 1985 due to cardiovascular and orthopedic problems. The Disability Determination Division denied the claim initially and on reconsideration. A hearing before an administrative law judge was requested and held in February of 1986. The ALJ determined that although the claimant had severe impairments that precluded more than sedentary work, the claimant was not disabled under the Act at any time through the date of the decision. On January 15, 1987, the Appeals Council affirmed the decision of the ALJ. Claimant then filed his claim in district court for judicial review of the decision of the Secretary in denying his benefits. The district court, accepting the decision of the magistrate, entered a judgment affirming the denial of benefits. This appeal followed.
 
 
 3
 Claimant is 57 years of age and has established steady employment from 1955 to 1985, his last place of employment being the Savannah River Plant of duPont. Claimant claims that he ceased working on January 31, 1985 due to his health. As demonstrated through testimony of Wilson and his supervisor, he, in the later years of his employment, would miss work as much as one day a week, and that eventually he took four weeks of his six-week vacation period one day at a time because physically unable to work.
 
 
 4
 The relevant medical evidence consists of Wilson's personal testimony and the reports of attending and Social Security Administration physicians. Claimant describes his ailments as including arthritis in his back, problems with his calves, swelling in his ankles and inability to control his bowels. Claimant has trouble walking distances over 150 yards without stopping to rest. The record is replete with documented medical evidence depicting physically disabling ailments beginning in 1960. In that year, Wilson was treated by a neurosurgeon, Dr. Louis O. Manganiello, for head injuries sustained in an automobile accident. Also in 1960, claimant was treated by Dr. William S. Brockington for repair of his anal sphincter muscles.
 
 
 5
 Another set of medical records, beginning in September of 1977, is from Dr. James L. Bland, a treating physician, from 1977-1985. His diagnoses of the claimant were unstable lumbar spine, osteoarthritis, rheumatoid arthritis, circulation deficiency in the lower extremities, and peripheral neuropathy in both lower extremities. Dr. Bland expressed the opinion, in March and in August 1985, that claimant was not likely to be gainfully employed in the future.
 
 
 6
 Dr. Bland had referred claimant back to Dr. Manganiello in October of 1977 for evaluation of his back pain. Dr. Manganiello diagnosed that claimant's osteoarthritis had worsened as well as finding arthritic spurring of the spine, arteriosclerosis, hypertension and sciatic neuralgia. The doctor advised no lifting, bending or twisting and was of opinion that claimant was 100% medically incapable of engaging in any meaningful employment. Claimant saw two other doctors on the advice of Dr. Bland who documented physical manifestations to support the claims of pain due to arthritis and poor circulation.
 
 
 7
 In September of 1983, Dr. Brockington performed a second sphincteroplasty for anal incontinence. Dr. G.A. Poda, Superintendent of the Medical Department of Savannah River Plant, found that the claimant could no longer function in his sedentary job at the plant due to combined arthritic-circulatory problems as he could not sit or stand for any length of time.
 
 
 8
 At the request of the Secretary, claimant was examined by Dr. B.E. Nicholson and Dr. Melvyn L. Haas. Both recorded diagnoses similar to those reported by claimant's doctors. However, Dr. Nicholson did not assess the residual functional capacity of the claimant. Dr. Haas concluded, among other restrictions, that the claimant could never do work that required him to keep his balance or climb. He could only occasionally stoop, kneel, crouch or crawl, and could not sit for more than 30 to 60 minutes without interruption during an eight hour period. Other medical records indicate numerous prescription drugs given the claimant.
 
 
 9
 Five questions are to be asked sequentially in determining disability. 20 C.F.R. Secs. 404.1520, 1520a (1988). An ALJ must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the official listing of impairments (at 20 C.F.R. Pt. 404. Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from any substantial gainful employment. An affirmative answer to question 1 or a negative answer to questions 2 or 4 result in determination of no disability. Affirmative answers to 3 or 5 establish disability. Sec. 404.1520. An ALJ's factual determinations must be upheld if supported by substantial evidence. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir.1986).
 
 
 10
 Claimant contends that the Secretary disregarded the medical opinions of his attending physicians as well as other objective medical facts in denying his claim for benefits. Those findings state that claimant has severe generalized osteoarthritis, controlled hypertension and decreased hearing but does not have an impairment or combination thereof to meet the official impairment listings indicating disability. Further, the ALJ found that although claimant could not perform his past relevant work and that claimant is limited to sedentary work which is further reduced by physical restriction, he still could perform a full range of sedentary work found in the national economy.
 
 
 11
 The parties are in affirmative disagreement over many parts of the administrative decision. The claimant argues, with some force, that sufficient weight was not given to the opinions of Wilson's treating physicians and that, principally on such account, there is not substantial evidence to support the Secretary's decision.
 
 
 12
 While the Secretary may technically have the better of the argument on those points, there is one aspect of the case in which error was committed and which requires a remand.
 
 
 13
 As required, the Secretary had a vocational expert to testify as to whether or not there were jobs in the national economy which Wilson could hold down.
 
 
 14
 A part of Wilson's case was his testimony that during the last year of his employment he took four weeks of his vacation a day at a time and other days off without pay, because he simply could not work because of physical disability. His testimony was inexact about the number of days off, but he testified that during the latter part of his time of working for duPont he was missing pretty close to one day a week. This testimony was corroborated by his supervisor, that during the last year of Wilson's employment that Wilson missed three to four days a month.
 
 
 15
 When the vocational expert was asked what the effect on Wilson's employment would be if Wilson "... was required to miss work for at least three days a month for a period of approximately one year ...," his answer was that "I don't believe he would be retained if he missed three days every month."
 
 
 16
 The ALJ completely disregarded the testimony of Wilson's supervisor and, instead, credited a report from Dr. Poda, the plant physician, paraphrasing the same that "... Dr. Poda indicated in December 1984 that the claimant had actually missed little time from work." What Dr. Poda actually said was "This man has had circulatory problems for 20+ years, manifested by aching and tingling of his calf muscles, hamstrings and buttocks, which often just 'go to sleep' when he sits or stands for a long period. For the past two or three years, he has had attacks of sciatica, lumbago, low back spasm, et al, but has toughed it out and actually missed little time via sheer grit and determination." While it is doubtful that this statement can be said to necessarily contradict Wilson's testimony, it is certain that it does not contradict the affirmative testimony of Wilson's supervisor, especially when the ALJ did not mention that testimony.
 
 
 17
 From the foregoing discussion, it is seen that had the testimony of Wilson's supervisor been credited, then the result of the case would have been different and Wilson would have been awarded benefits.
 
 
 18
 It follows that the judgment of the district court must be vacated and the case remanded for further remand to the Secretary for a further hearing, unless the Secretary is disposed to award benefits on the present record.
 
 
 19
 At such hearing, it should be ascertained whether or not it would be required that Wilson miss any days of employment each month on account of physical disability, and, if so, how many, and the effect of such on any employment he might have. Since there must be another hearing, if the Secretary determines not to award benefits on this record, the parties may each introduce such additional evidence as they may be so advised is appropriate. In this regard, we invite the attention of the parties to the case of Lester v. Schweiker, 683 F.2d 838 (4th Cir.1982), in which we held that in order to find that a claimant is disqualified from a disability recovery under the Social Security Act on account of being able to work, the claimant must be able to work for an 8-hour day.
 
 
 20
 We further note that the findings of the ALJ with respect to Wilson's bowel incontinence were based on contradictory statements Wilson had made to two physicians and not on a current physical examination. That point might be capable of easy resolution with a current physical examination by Dr. Brockington.
 
 
 21
 VACATED AND REMANDED WITH INSTRUCTIONS.